0AO 91 (Rev. 02/09) Criminal Complaint

# United States District Court
### for the
### Western District of New York

| | |
|---|---|
| United States of America | |
| v. | Case No. 24-MJ-5019 |
| Romane Toumani | |
| *Defendant* | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about February 8, 2024, in the Western District of New York, the defendant, **Romane TOUMANI**, an alien, did assault, resist, impede or interfere with individual designated in section 1114 of Title 18, while engaged in or on account of the performance of official duties, and such acts involved physical contact and bodily injury with the victim of that assault, in violation of Title 18, United States Code, Section 111(a)(1)

**All in violation of Title 18, United States Code, Section 111(a)(1).**

This Criminal Complaint is based on these facts:
☒ Continued on the attached sheet.

JOHN A KOSICH JR
Digitally signed by JOHN A KOSICH JR
Date: 2024.02.09 12:27:10 -05'00'

*Complainant's signature*

JOHN A. KOSICH, JR.
SPECIAL AGENT
U.S. DEPARTMENT OF HOMELAND SECURITY INVESTIGATIONS
*Printed name and title*

Sworn to and signed telephonically.

Date: February 9, 2024

*Judge's signature*

City and State: Buffalo, New York

HONORABLE MICHAEL J. ROEMER
UNITED STATES MAGISTRATE JUDGE
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

STATE OF NEW YORK    )
COUNTY OF ERIE       )    SS:
CITY OF BUFFALO      )

I, John A. Kosich, Jr., being duly sworn, depose and state the following:

1.  I am a Special Agent with the Department of Homeland Security (DHS), Homeland Security Investigations (HSI), currently assigned to Buffalo, NY and have been so employed since January of 2007. Prior to my appointment as an HSI Special Agent I was employed as an Officer with United States Customs and Border Protection and as an Inspector with the former Immigration and Naturalization Service since June of 1998. As part of my duties as an HSI Special Agent, I investigate various violations of federal law.

2.  This affidavit is submitted in support of criminal complaint charging **Romane TOUMANI ("TOUMANI")** (DOB: 11/27/19XX), Canadian Citizen and resident of the Province of Ontario, with violations of Title 18, United States Code, Section 111(a)(1) by intentionally and forcibly assault, resist, impede, and interfere with J.A., a United States Customs and Border Protection Officer, while J.A. was engaged in, and on account of the performance of, his official duties.

3.  The information contained in this affidavit is based upon my personal knowledge and observation, my training and experience, conversations with other law

enforcement officers and witnesses and a review of documents and records. Because this affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause that **TOUMANI**, did knowingly violate Title 18, United States Code, Section 111(a)(1).

4.  On February 8, 2024, at approximately 12:00 p.m. your affiant received a call from US Customs and Border Protection (CBP) Officer D.W., located at the Buffalo Port of Entry, the Peace Bridge. Officer D.W. advised your affiant that a CBP Officer was assaulted by **TOUMANI**. On the same date, your affiant responded to the Peace Bridge to investigate.

5.  CBP Officers stated to your affiant, that **Romane TOUMANI** was encountered at the Peace Bridge inside of an UBER vehicle, along with her sister Saurelle TOUMANI and the driver of the UBER vehicle on the primary inspection lane. The driver of the UBER was referred for immigration processing, as he did not have proper entry documents to enter the United States. As a result of the immigration inspection, the UBER driver was informed that he would have to return to Canada for insufficient travel documents. The TOUMANI's were told to retrieve their baggage from the vehicle and advised that CBP would be examining their luggage.

6.  The TOUMANI's stated that CBP had no authority to search their bags, and in an attempt to return **TOUMANI** to the secondary inspection area, she forcefully bit the arm of CBP Officer J.A.

7.      On February 8, 2024, CBP Officer J.A. provided a sworn statement to your affiant in which he stated that during the course of his official duties, he noticed 2 females yelling at several Officers in the secondary parking lot at the Peace Bridge. CBP Officer J.A. observed other officers attempting to get the 2 females back into the secondary building. CBP Officer J.A. observed **TOUMANI** pull her arm away from another officer, he then grabbed **TOUMANI's** arm and attempted to handcuff her. At that time, **TOUMANI** bit his left hand, and then bit his left forearm.

8.      On February 8, 2024, Supervisory CBP Officer A.C. provided a sworn statement to your affiant in which he stated that he encountered **TOUMANI** outside of the secondary inspection area and attempted to have her return to the building. Supervisory CBP Officer A.C. stated that he gave a lawful command to **TOUMANI** to return to the building when she dropped her bag, took a step back and bladed her body to appear in a fighting position. Supervisory CBP Officer A.C. stated that **TOUMANI** was resisting officer's multiple attempts to place her in handcuffs, and audibly advised her to stop resisting multiple times. CBP Officers including CBO Officer J.A., were able to place **TOUMANI** in handcuffs and escorted her inside the building to a holding cell. After **TOUMANI** was in the holding cell, Supervisory CBP Officer A.C. was informed that CBP Officer J.A. was bitten on the left forearm and left hand during the altercation. Supervisory CBP Officer A.C. did observe the bite marks on CBP Officer J.A.'s left hand and left forearm.

9.      On February 8, 2024, CBP Officer R.R. provided a sworn statement to your affiant in which she stated that she witnessed **TOUMANI** actively resist and bite CBP Officer J.A.

10. On February 8, 2024, CBP Officer J.G. provided a sworn statement to your affiant in which he stated that he witnessed **TOUMANI** actively resist and square off with Supervisory CBP Officer A.C., appear as she wanted to fight, and witnessed CBP Officer J.A. attempting to place TOUMANI in handcuffs.

11. On February 8, 2024, CBP Officer B.B. provided a sworn statement to your affiant in which she stated that she witnessed **TOUMANI** actively resist Supervisory CBP Officer A.C. and CBP Officer J.A.

12. On February 8, 2024, your affiant reviewed video surveillance of the event in which it was clear that **TOUMANI** did actively resist with CBP Officers and what appears to be CBPO J.A. pull his arm away from the mouth area of **TOUMANI.**

13. On February 8, 2024, your affiant was able to observe the wounds to the left hand and left forearm of CBP Officer J.A.

## CONCLUSION

14. Based upon the forgoing, the undersigned respectfully submits that there is probable cause to believe that **Romane TOUMANI** knowingly violated Title 18, United States Code, Section 111(a)(1) by intentionally and forcibly assault, resist, impede, and interfere with J.A., a United States Customs and Border Protection Officer, while J.A. was engaged in, and on account of the performance of, his official duties.

JOHN A KOSICH JR
Digitally signed by JOHN A KOSICH JR
Date: 2024.02.09 12:29:41 -05'00'

_____
JOHN A. KOSICH, JR.
Special Agent
Homeland Security Investigations

Sworn to me and signed telephonically
this _9th_ day of February, 2024

_____
HONORABLE MICHAEL J. ROEMER
UNITED STATES MAGISTRATE JUDGE